[Cite as *Grubb v. Couture-Grubb*, 2015-Ohio-74.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Richard Grubb

Appellant

v.

Tonya Couture-Grubb

Appellee

Court of Appeals No. OT-13-027

Trial Court No. 12-DR-098 A

**DECISION AND JUDGMENT**

Decided:  January 9, 2015

* * * * *

Christopher Marcinko, for appellant.

* * * * *

**JENSEN, J.**

**Introduction**

{¶ 1} In this case, the plaintiff-appellant, Richard Grubb, appeals the trial court's decision that his objection to a magistrate's decision was barred because it was untimely.

Appellant also challenges the trial court's award and computation of spousal support. The trial court ordered appellant to pay his former wife, appellee, Tonya Couture-Grubb, $500 per month for a period of three years beginning on August 1, 2013.

{¶ 2} For the reasons that follow, we reverse the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, and remand the case for further proceedings consistent with this judgment.

**Facts and Procedural History**

{¶ 3} The parties were married on October 15, 1997. Together they had two children, one of whom remains a minor. Appellant filed a complaint for divorce on July 24, 2012, and the matter was heard by a magistrate on May 6, 2013.

{¶ 4} The magistrate's decision was filed on July 9, 2013. In it, the magistrate made 77 findings of fact and 17 recommendations. Among them, the magistrate recommended that appellant be required to pay appellee spousal support in the amount of $500 per month for a period of three years. On July 31, 2013, the trial court and magistrate jointly signed a judgment entry, prepared by appellee's counsel, that incorporated those findings and recommendations.

{¶ 5} On August 13, 2013, appellant filed an "objection to magistrate's decision and motion for leave of court to supplement." By order dated August 30, 2013, the trial court denied appellant's objections as untimely. It also ordered appellee's counsel to prepare a second judgment entry, similar to the first one, but which included the parties'

2.

agreement as to their division of personal property. Following preparation of that journal entry, the trial court signed and filed it on September 5, 2013. Appellant filed a notice of appeal on October 2, 2013.

{¶ 6} By order dated November 1, 2013, this court remanded the matter to the trial court, finding that neither the July 31 nor the September 5, 2013 journal entry was a final appealable order under Civ.R. 53(D)(4)(e) and 54(A). We ordered the trial court to prepare and journalize a judgment entry adopting the magistrate's decision and entering a judgment in accordance with that decision.

{¶ 7} On February 19, 2014, the trial court prepared a journal entry adopting the magistrate's decision, including the $500 per month spousal support award, and the appeal was reinstated.

{¶ 8} In his appellate brief, filed on March 25, 2014, appellant raises two assignments of error:

Assignment of Error One: The trial court erred when it denied Plaintiff leave to file an objection to the Magistrate's Decision after failing to ensure that Plaintiff was properly and timely served with said Magistrate's Decision.

Assignment of Error Two: The Court's decision to award spousal support and its computation of the amount of spousal support was arbitrary and unreasonable and is against the manifest weight of the evidence provided.

3.

## Law and Analysis

{¶ 9} With regard to the first assignment of error, appellant argues that the trial court erred in denying his objections to the magistrate's decision. Appellant requests that the matter be remanded to allow him an opportunity to have his objection heard by the trial court.

{¶ 10} The trial court denied appellant's objection on the basis that it was untimely. Civ.R. 53(D)(3)(b)(i) provides that a "party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Here, the magistrate's decision was filed on July 9, 2013. Thus, by rule the deadline to object was July 23, 2013.

{¶ 11} Appellant argues, essentially, that the deadline should be extended in this case because he was not personally served until after the deadline and contrary to the instructions of the magistrate.

{¶ 12} Civ.R. 53(D)(3)(a)(iii) provides that a magistrate's decision "shall be * * * served by the clerk on all parties *or* their attorneys no later than three days after the decision is filed." (Emphasis added.) In her decision, however, the magistrate expanded the rule, instructing the clerk to serve "this decision to all parties of record *and* their counsel by regular U.S. Mail forthwith." (Emphasis added.)

{¶ 13} The record indicates that appellant's attorney was served with the magistrate's decision on the same day it was filed, July 9, 2013. On the other hand,

4.

appellant was not served until August 12, 2013, 20 days after the deadline. Thus, although the clerk complied with the rule, the clerk did not comply with the magistrate's instruction in this case to serve appellant "forthwith."

{¶ 14} We note that as soon as appellant was served, he contacted his attorney and expressed his intention to object. Appellant filed an objection, through his attorney, the next day on August 13, 2013.

{¶ 15} We agree with appellant that it would be unfair to deny him the opportunity to object to the magistrate's decision when service, as to him, was not effectuated according the instructions of the magistrate. Accordingly, under the facts of this case, we find that the trial court erred when it denied appellant's objection to the magistrate's decision as untimely. We remand the matter to the trial court with the instruction that it rule on appellant's objection pursuant to Civ.R. 53(D)(4)(d).

{¶ 16} In his second assignment of error, appellant contends that the trial court's award of spousal support was arbitrary, unreasonable and against the manifest weight of the evidence.

{¶ 17} Spousal support is governed by R.C. 3105.18. The statute provides that a trial court "shall consider all" fourteen factors, as set forth in R.C. 3105.18(C)(1)(a)-(n), to determine whether spousal support is "appropriate and reasonable."[1]

---

[1] R.C. 3105.18(C)(1) provides,

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support,

5.

**{¶ 18}** In this case, the magistrate prepared an extensive decision which specifically referenced and analyzed the statutory factors, and we express no opinion regarding the amount of spousal support ordered herein. We do note, however, that in adopting the magistrate's decision, the trial court offered no analysis of its own. It merely stated, "[appellant] shall pay to [appellee] as and for spousal support the sum of $500.00 per month for a period of three years, commencing August 1, 2013."

---

which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable.

6.

**{¶ 19}** A trial court may not merely rubber stamp a magistrate's decision. By rule, it must conduct an "independent review of the magistrate's decision." Civ.R. 53(D)(4)(d). Likewise, regarding the specific issue of spousal support, a trial court must affirmatively demonstrate that it has fulfilled its statutory obligation. As this court recently explained,

> Although a trial court need not enumerate each R.C. 3105.18(C)(1)
>
> factor, it must demonstrate that it considered all the 'relevant factors.'
>
> Additionally, * * * the trial court's judgment must contain sufficient
>
> detail to enable a reviewing court to determine that the spousal support
>
> award is fair, equitable and in accordance with the law. (Citations omitted.)
>
> *Allan v. Allan*, 6th Dist. Sandusky Nos. S-12-017, S-12-023, 2013-Ohio-
>
> 1475, ¶ 11-12.

**{¶ 20}** Therefore, we instruct the trial court to undertake an independent review on the issue of spousal support and to issue a judgment that addresses the factors set forth in R.C. 3105.18(C)(1) in sufficient detail to enable this court to determine whether its decision as to spousal support is appropriate and reasonable.

**{¶ 21}** In light of our decision to remand this case as to appellant's first assignment of error, appellant's second assignment of error is not ripe for review, and we decline to address it pursuant to App.R. 12(A).

**{¶ 22}** For the foregoing reasons, appellant's first assignment of error is well-taken. We reverse the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Divison, and remand the matter to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
JUDGE

Stephen A. Yarbrough, P.J.

_____
James D. Jensen, J. JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.